**W. H. LONG & CO., Inc., v. CAMPBELL, Federal Prohibition Administrator, et al.**

District Court, S. D. New York. October 1, 1928.

Lewis Landes, of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., and Ulysses S. Grant, Asst. U. S. Atty., both of New York City, for defendants.

HUTCHESON, District Judge. This is a suit in equity brought under the provisions of section 9, title 2, of the National

Prohibition Act (27 USCA § 21), to review a revocation of plaintiff's permit 91 authorizing plaintiff to operate a denaturing plant at Portchester, N. Y. Plaintiff's attack upon the revocation order is predicated upon two grounds: (1) That the proceedings were illegal, because the statutory 15 days' notice had not been given; and (2) that the order of revocation is wholly void, because supported by neither pleading nor proof of any facts which would justify the revocation of plaintiff's permit.

Upon the first point the record shows that the citation, duly addressed to the plaintiff at its place of business in Portchester, N. Y., was issued on February 2, and deposited in the mails on the same day, such citation returnable on February 17; that the citation was receipted for on February 3, 1928. The statute (section 9) provides that the citation shall direct the person named to appear before the reviewing officer on the day named, not more than 30 and not less than 15 days from the date of the service upon such permittee of a copy of the citation.

Hearing was not had on the date fixed in the citation, but on May 31, more than two months thereafter, "after," as stated by the hearing officer, "respondent had obtained several adjournments of the trial without raising the point of alleged insufficiency of the service." On May 31, when the trial was actually had, the insufficiency of time was first raised. This point being overruled, and the hearing proceeded with, the plaintiff, at the close of the government's proof, stated: "Without waiving any of my rights as previously stated in another motion, I wish without prejudice to put one of my clients on the stand to show who owns the stock of W. H. Long & Co. at this time"—and thereafter did offer the witness.

■ While I do not agree with the position of the hearing officer that the citation was sufficient of itself, I think it plain that the plaintiff, having obtained adjournments and having appeared and placed evidence on the stand, was in no position to take this point. While I should hold that the minimum notice fixed in the statute was essential to authorize revocation of the permit without an actual hearing on the matter of the citation, it would be a "sticking in the bark," and unduly formularizing a thoroughly informal proceeding, to sustain the point on the notice, in view of the fact that the actual trial did not come on for two months after the hearing date fixed in the

notice, and when it did come on plaintiff was not only present by counsel, but offered affirmative evidence on its own behalf. I therefore reject, as wholly insufficient, the first point named.

■■ Upon the second point, however, I agree with the plaintiff's counsel, that there was neither charged nor proven against the plaintiff any ground sufficient to sustain the revocation of its permit. The charge was that the plaintiff had not in good faith conformed to the provisions of the National Prohibition Act, in that the Waterloo Distilling Corporation on March 26, 1925, purchased and became the owner, and still owns, all the capital stock of the plaintiff corporation, and that upon a hearing duly had in another district of the state of New York the permits of the Waterloo Distilling Corporation were revoked.

It was not only not charged that the plaintiff was complicit in the matters which caused the revocation of the Waterloo Company's permits, but it was conceded on the record: "There is no charge in the citation of a violation of the National Prohibition Act, or of any regulation except as charged, that the stock and plant of the respondent company is all owned by the Waterloo Distilling Corporation, and that the government has shown that the Waterloo Distilling Corporation came into the possession of the defendant company in March or April, 1925."

The position of the defendant that the provision of section 9, that a hearing must be had after citation, accompanied by copy of the complaint or statement of facts constituting the violation charged, has been complied with here, is, I think, wholly unsound, for it proceeds in absolute disregard of the corporate existence of the plaintiff, and assumes, without warrant in law or in fact, that the ownership of the stock of the plaintiff by the Waterloo Distilling Corporation has operated to merge the two companies into one. Certainly evidence of sole ownership of the stock would be cogent in a hearing upon a charge that the permittee in question here was assisting and co-operating with the Waterloo Distilling Corporation in its violation of the law. Not only is no such charge made here, but the contrary is in effect conceded.

While the proceedings provided for in section 9 may and should be informal, and the evidence offered there should come freely in, with a not too slavish regard for evidential rules, I think it fundamental that, when the statute provided for a hearing, it

intended that *the person* whose permit is sought to be revoked, whether corporate or individual, should be confronted with an accusation, not of *some one else's,* but of *his own,* misdoings. It may be that upon a proper charge the evidence would be forthcoming that the plaintiff was merely an agent or tool for the Waterloo Distilling Corporation, and as such it and its permit were used unlawfully.

I think it quite clear that upon such proof the permit could be revoked; but it is quite another thing to say that, because one person or corporation has its permit revoked, the permits of all corporations whose stock he or it owns may be without accusation against the holders of complicity in wrongdoing automatically upon a pro forma hearing such as this was, revoked.

Believing that the facts here alleged and proven do not constitute any ground for the revocation of plaintiff's permit, the relief prayed for by plaintiff will be granted.